IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       **Case No. 03-40118-01**
                                    **05-3318-RDR**

JUAN JOSE RUIZ-CARRANZA,

        Defendant.

**MEMORANDUM AND ORDER**

On December 19, 2003, defendant pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(2). Defendant was sentenced to a term of 41 months on March 23, 2004. The judgment was entered on March 30, 2004. Defendant did not bring a direct appeal.

The indictment alleges that defendant had been convicted of an aggravated felony prior to his removal from this country. The plea agreement states that defendant agreed that he had been convicted of two aggravated felonies in the State of Oregon prior to being deported and reentering the United States. Also, as part of the plea agreement, defendant waived his right to appeal and to bring a collateral attack of his conviction and sentence. Nevertheless, this case is before the court upon defendant's motion to vacate sentence under 28 U.S.C. § 2255, which was filed on July 22, 2005. This motion must be denied

for several reasons.  First, the motion is untimely.  Second, defendant waived his right to bring a collateral attack.  Third, while defendant argues his sentence of more than two years is unconstitutional because a jury did not find that he had committed an aggravated felony, this argument must fail because defendant admitted that he had committed an aggravated felony prior to being deported.  Fourth, the principles of <u>Blakely</u> and <u>Booker</u>, which defendant seeks to have applied in this case, have been held not to apply retroactively to cases which were final at the time those decisions were issued.  <u>U.S. v. Bellamy</u>, 411 F.3d 1182; 2005 WL 1406176 (10th Cir. 2005) (<u>Booker</u>); <u>U.S. v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005) (<u>Blakely</u>).  Finally, the Tenth Circuit has held that prior convictions are not facts which need to be proven to a jury and has rejected defendant's claim that the case which supports this conclusion - <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) - has been tacitly overruled by <u>Booker</u>.  <u>U.S. v. Moore</u>, 401 F.3d 1220 (10th Cir. 2005)(finding that prior convictions used to enhance a sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), need not be proven to a jury).

For these reasons, the court shall deny defendant's motion to vacate his sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2005 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge